UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JACOB BAXTER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DANNY R. CHEADLE and VILLAGE OF PALESTINE, ILLINOIS,<br><br>　　　　Defendants. | Case No. 25-cv-390-JPG |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of defendants Danny R. Cheadle and Village of Palestine, Illinois ("Village") to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 23). Plaintiff Jacob Baxter has responded to the motion (Doc. 24).

Baxter was terminated from his employment with the Village in February 2025 in a way he believes violated his Fourteenth Amendment due process and equal protection rights. He also asserts several state law causes of action related to events surrounding his termination. He seeks declaratory and injunctive relief in addition to damages. The Court finds Cheadle has qualified immunity from Baxter's due process claim and will dismiss the remaining claims without prejudice.

I.　**Standard for Dismissal**

When considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give

the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 776 (7th Cir. 2022); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl.*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679. "[I]t is not enough for a complaint to avoid foreclosing possible bases for relief; it must actually suggest that the plaintiff has a right to relief . . . by providing allegations that 'raise a right to relief above the speculative level.'" *Concentra Health Servs.*, 496 F.3d at 777 (quoting *Bell Atl.*, 550 U.S. at 555).

Nevertheless, *Bell Atlantic* did not do away with the liberal federal notice pleading standard. *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007). A complaint still need not contain detailed factual allegations. *Bell Atl.*, 550 U.S. at 555. Nevertheless, it must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl.*, 550 U.S. at 555. If the factual detail of a complaint is "so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8," it is subject to dismissal. *Airborne Beepers*, 499 F.3d at 667; *see, e.g., Kaminski*, 8 F.4th at 776-77.

II.   **Factual Allegations**

Baxter alleges the following relevant facts. He was employed part-time as a policeman

for the Village; he was not a probationary employee.  Cheadle was the Village's police chief.

On February 19, 2025, Cheadle notified Baxter that he was being terminated for violation of the Palestine Police Department Lexipol Policy Manual ("Policy Manual"), including but not limited to insubordination.  Cheadle notified the Illinois Law Enforcement Training and Standards Board ("ILETSB") of Baxter's conduct because he thought the conduct was possibly unethical.

Cheadle reported to the ILETSB that he had been told that Baxter had behaved inappropriately during a traffic stop with a young woman in another town and that the other town's police department had reprimanded him.  He also stated that Baxter had engaged in numerous incidents of inappropriate behavior at a local hospital.  Cheadle also reported that Baxter was no longer employed by Blue Line Security.  At the time Cheadle made the ILETSB report, he knew Baxter had not, in fact, behaved inappropriately or been reprimanded and was still working for Blue Line.

Cheadle also enlisted his daughter to post on social media statements suggesting Baxter stalked young girls.  Cheadle himself stated that Baxter was involved with young girls and used steroids.  Cheadle knew these statements were false when he made them or caused them to be made.  Shortly after Baxter was terminated, the Federal Bureau of Investigation received a report that Baxter was involved in a prostitution ring.

In this case, Baxter complains that he was deprived of his property right in his police employment in violation of due process (Count I) and his equal protection rights (Count V).  He seeks declaratory and injunctive relief prohibiting the Village from terminating police officers without due process of law (Counts II & VIII ).  He also brings various state law claims (Counts III, IV, VI, & VII).

The defendants ask the Court to dismiss Baxter's claims on the grounds that he had no protectible property interest in his job, there was a rational basis for treating him as they did, he has failed to cite a municipal policy, the claims for declaratory and injunctive relief are redundant in light of the substantive claims, Cheadle is entitled to qualified immunity, and there are insufficient facts to establish the state law claims.

In response, Baxter asks to withdraw his equal protection claim without prejudice (Count V). He also states that he has not brought a constitutional claim and does not seek punitive damages against the Village. As for the remaining claims, Baxter points to state statutes he claims give him a property right in his position as police officer, he argues that he has appropriately requested declaratory and injunctive relief and that he has adequately pleaded state law claims, and he contends that the law was clearly established at the time that what Cheadle did was unconstitutional.

## III.     Analysis

As a preliminary matter, the Court construes Baxter's response as a notice of dismissal of Count V and accordingly will dismiss Count V without prejudice. Further, consistent with Baxter's response, the Court construes the Complaint not to allege a cause of action against the Village under a *Monell* theory and to not seek punitive damages from the Village. Therefore, the Village is not a defendant in Count I, which is only asserted against Cheadle. The Court turns to the remaining aspects of the Complaint.

### A.     Count I:  Procedural Due Process

#### 1.     Due Process Claim

The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. 14. This includes the

4

guarantee of fair procedures. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). A plaintiff who asserts he has been deprived of a property right without fair procedures must, in fact, have a protected property interest. *Lukaszczyk v. Cook Cnty.*, 47 F.4th 587, 604 (7th Cir. 2022), *cert. denied*, 143 S. Ct. 734 (2023); *Khan v. Bland*, 630 F.3d 519, 527 (7th Cir. 2010). "An interest is protected property under the Fourteenth Amendment if 'existing rules or understandings that stem from an independent source such as state law' secure certain benefits and 'support claims of entitlement to those benefits.'" *Kilborn v. Amiridis*, 131 F.4th 550, 564 (7th Cir. 2025) (quoting *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972)). For example, in the employment context, a protected property interest can arise from a state statute or contract limiting the employer's ability to discharge the employee except for cause. *Kilborn*, 131 F.4th at 564; *Cheli v. Taylorville Cmty. Sch. Dist.*, 986 F.3d 1035, 1039 (7th Cir. 2021).

       The defendants argue that Baxter was an at-will employee with no right to his job as police officer for the Village. Baxter responds that he has a protected property right based on a provision in the Policy Manual giving him the right to appeal a termination and citing, among other statutes, 65 ILCS 5/10-2.1-17. That provision of the Illinois Municipal Code states, in pertinent part, "Except as hereinafter provided, no officer or member of the fire or police department of any municipality subject to this Division 2.1 shall be removed or discharged except for cause, upon written charges, and after an opportunity to be heard in his own defense." The defendants have not shown that Division 2.1 does not apply to the Village or that any exception to the quoted provision applies, and it is their burden to make such a showing if they seek dismissal. They have not carried their burden, so the Court will not dismiss Count I for this reason.

      2.    Qualified Immunity

Cheadle also argues that he is entitled to qualified immunity on Baxter's procedural due process claim. Qualified immunity is an affirmative defense that shields government officials from liability for civil damages where their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Pearson v. Callahan*, 555 U.S. 223, 231 (2009); *Denius v. Dunlap*, 209 F.3d 944, 950 (7th Cir. 2000). The qualified immunity test has two prongs: (1) whether the facts alleged, taken in the light most favorable to the party asserting the injury, demonstrate that the officer's conduct violated a constitutional right, and (2) whether the right at issue was clearly established at the time of the alleged misconduct. *Pearson*, 555 U.S. at 232; *see Brosseau v. Haugen*, 543 U.S. 194, 197 (2004) (*per curiam*); *Wilson v. Layne*, 526 U.S. 603, 609 (1999).

The Court has already determined that Baxter has alleged a protected property right in his job as a Village police officer. He has also pled facts plausibly suggesting that he did not receive any hearing or other opportunity to be heard either before or after his termination. Therefore, he has adequately alleged a deprivation of his property right under the first qualified immunity prong.

With respect to the second qualified immunity prong, it is Baxter's burden to show that his right was sufficiently clear at the time of the violation that a reasonable official would have understood that what he was doing violated that right. *District of Columbia v. Wesby*, 583 U.S. 48, 63 (2018); *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). The inquiry must be made focusing on the specific context of the case, not at a high level of generality. *White v. Pauly*, 580 U.S. 73, 79 (2017). "[T]he clearly established law must be 'particularized' to the facts of the case. Otherwise, '[p]laintiffs would be able to convert the rule of qualified immunity . . . into a

rule of virtually unqualified liability simply by alleging violation of extremely abstract rights.'" *Id.* (quoting *Anderson*, 483 U.S. at 639-40). "[E]xisting law must have placed the constitutionality of the officer's conduct beyond debate" such that "every reasonable official would understand that what he is doing is unlawful." *Wesby*, 583 U.S. at 63 (internal quotations omitted); *Ashcroft v. al-Kidd,* 563 U.S. 731, 741 (2011).

Baxter bears the burden of demonstrating that his constitutional right was clearly established, but he has not pointed to a single case having facts similar to his that clearly establishes as of February 2025 that Cheadle's conduct was unconstitutional. The only cases he cites involve misconduct of a prosecutor by fabricating evidence, *Bianchi v. McQueen*, 818 F.3d 309 (7th Cir. 2016), or whether there was probable cause for an arrest, *Wesby*, 583 U.S. 48. He cites absolutely no case involving facts even remotely similar to those in his case. He has therefore failed to carry his burden to overcome qualified immunity. The Court will therefore dismiss Count I on the grounds of qualified immunity.

    B.    <u>Other Claims</u>

Baxter's claims for declaratory and injunctive relief (Counts II and VIII) are based on the constitutional violation alleged in Count I. In light of the fact that that claim has been dismissed, his claims for declaratory and injunctive relief based on that claim must be dismissed as well.

As for Baxter's state claims for defamation, false light, *respondeat superior*, and willful and wanton conduct (Counts III, IV, VI and VII), now that his federal claims have been resolved, the proper course of action is to dismiss those state claims without prejudice so he can pursue them in state court. The Court has supplemental jurisdiction over those claims under 28 U.S.C. § 1367(a). However, § 1367(c)(3) provides that a district court "may decline to exercise supplemental jurisdiction . . . if . . . the district court has dismissed all claims over which it has

original jurisdiction."  A district court has broad discretion in deciding whether to decline jurisdiction over state law claims when no original jurisdiction claims remain pending.  *RWJ Mgmt. Co. v. BP Prods. N. Am., Inc.*, 672 F.3d 476, 478 (7th Cir. 2012).  The district court should consider judicial economy, convenience, fairness and comity.  *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251 (7th Cir. 1994) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).  "[W]hen the district court dismisses all federal claims before trial, the usual and preferred course is to remand the state claims to the state court unless there are countervailing considerations."  *Payne for Hicks v. Churchich*, 161 F.3d 1030, 1043 (7th Cir. 1998) (citing *Wright*, 29 F.3d at 1251).  This is true even when the decision is on the eve of trial so long as the district court has not made a "substantial investment" of time in the litigating untried claims.  *RWJ Mgmt.*, 672 F.3d at 478.

       The Court has considered the relevant factors and finds that it is appropriate not to exercise supplemental jurisdiction over the remaining state law claims in this case.  The Court firmly believes that Illinois state courts are far better equipped to hear cases that turn on the interpretation and application of state law between citizens of Illinois.  As a matter of comity and efficiency, the privilege of hearing such cases should rest with the state court system.  Furthermore, it would be no less convenient for the plaintiff to proceed in state court than in federal court, and the Court sees no unfairness that would result from litigation in a state forum.  Finally, the Court notes that it has not made a substantial investment of time in resolving the state law claims; the vast majority of its efforts have focused on the federal question claims.  Thus, the presumption to relinquish jurisdiction has not been overcome.  For these reasons, the Court declines to exercise jurisdiction over the remaining claims in this case claims and will dismiss Counts III, IV, VI and VII without prejudice for lack of jurisdiction pursuant to 28

U.S.C. § 1367(c)(3).

### IV.  Conclusion

For the foregoing reasons, the Court:

- **DISMISSES** Counts I, II and VIII with prejudice; and

- **DISMISSES** Counts III, IV, V, VI and VII without prejudice; and

- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:  November 7, 2025**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
