UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JACOB BAXTER,

    Plaintiff,

  v.

DANNY R. CHEADLE and VILLAGE OF
PALESTINE, ILLINOIS,

    Defendants.

Case No. 25-cv-390-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Jacob Baxter for reconsideration (Doc. 38) of the Court's November 7, 2025, order and judgment (Docs. 36 & 37) dismissing the claims in this case, some with and some without prejudice. Defendants Danny R. Cheadle and Village of Palestine, Illinois ("Village") have responded to the motion for reconsideration (Doc. 43), and Baxter has replied to that response (Doc. 46).

**I.    Procedural History**

In March 2025, Baxter filed this lawsuit alleging, among other things, that Cheadle, the Village's police chief, violated his Fourteenth Amendment rights by terminating him from his job as a police officer without due process of law. In June 2025, the defendants moved the Court to dismiss Baxter's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

The Court granted the motion to dismiss. In so doing, it found that, based on the allegations in the Complaint, Baxter had alleged a protected property right in his employment

based on 65 ILCS 5/10-2.1-17,[1] and that Cheadle had failed to show as a matter of law that such provision did not apply. Thus, Baxter had stated a claim that terminating him without a hearing or other opportunity to be heard violated his Fourteenth Amendment right not to be deprived of property without due process of law.

Nevertheless, the Court found Cheadle was entitled to qualified immunity because Baxter had failed to point to any law clearly establishing that Cheadle's conduct was unconstitutional. The Court based this decision on the fact that it was Baxter's burden to point to cases establishing that his due process right was sufficiently clear at the time he was terminated that a reasonable official in Cheadle's position would have understood that what he was doing was unconstitutional. Instead, he presented this argument:

> **VIII. PLAINTIFF'S Response to section Denoted: VIII. Cheadle has qualified immunity for the federal claims in Counts I and V.**
> Plaintiff retorts, Mr. Cheadle does not have qualified immunity. Plaintiff Baxter has alleged a deprivation of a constitutional right and—the right in issue was clearly established at the time and under the circumstances presented." *Cf* standard set out in *Bianchi v. McQueen*, 818 F.3d 309, 319 (7th Cir. 2016). 55 ILCS 5/3-8014; 65 ILCS 5/10-2.1-17; 65 ILCS 5/10-1-45 were clearly established at the time and under the circumstances presented. Since the law was sufficiently clear such that every reasonable official would understand what he is doing is unlawful at the time of the conduct, Defendant Cheadle is not entitled to a ruling that he is immune from suit. (See *District of Columbia v. Wesby*, 583 U.S. 48, 63, 138 S.Ct. 577, 589 (2018)).

Pl.'s Resp. 14 (Doc. 24). This is the sum total of his argument in response to Cheadle's assertion of qualified immunity. And as the Court noted in its order of dismissal, neither *Bianchi* nor *Wesby* had anything to do with terminating someone who had a property right in their employment. Baxter utterly failed to carry his burden. Accordingly, the Court found Cheadle

---

[1] Cheadle contests that this statute applies to Baxter, but it is immaterial to the pending motion for reconsideration. The Court assumed the statute applied, and for the purposes of the motion to dismiss, Cheadle did not present sufficient legal argument otherwise.

had qualified immunity and dismissed his constitutional claim with prejudice.

  To be clear, the Court did not dismiss Baxter's case because of any insufficient pleading of his cause of action; it dismissed his case because he failed to carry his legal burden in a brief. Amendment of his complaint would not have cured this shortcoming, so the Court did not consider allowing an amendment as it ordinarily would have when dismissing a complaint pursuant to Rule 12(b)(6). *See Reilly v. Will Cnty. Sheriff's Off.*, 142 F.4th 924, 929 (7th Cir. 2025) (citing *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519 (7th Cir. 2015)).

## II. Motion to Reconsider

### A. Standard

  The Court construes Baxter's motion as a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e), and all parties agree. Under Rule 59(e), a court has the opportunity to consider newly discovered material evidence or intervening changes in the controlling law or to correct its own manifest errors of law or fact to avoid unnecessary appellate procedures. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *see A&C Constr. & Installation, Co. WLL v. Zurich Am. Ins. Co.*, 963 F.3d 705, 709 (7th Cir. 2020). A "manifest error" occurs when the district court commits a "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Burritt v. Ditlefsen*, 807 F.3d 239, 253 (7th Cir. 2015) (internal quotations and citations omitted). Rule 59(e) "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Moro*, 91 F.3d at 876; *accord A&C Constr.*, 963 F.3d at 709. The Court's orders "are not intended as mere first drafts, subject to revision and reconsideration at a

litigant's pleasure." *A&C Constr.*, 963 F.3d at 709 (internal quotations and citation omitted). Rule 59(e) relief is only available if the movant clearly establishes a manifest error of law or fact or newly discovered evidence that precluded entry of judgment. *Reilly v. Will Cnty. Sheriff's Off.*, 142 F.4th 924, (7th Cir. 2025); *Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006) (citing *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n. 3 (7th Cir. 2001)). It is generally reserved for extraordinary cases. *Reilly*, 142 F.4th at 929.

    B.    <u>Application</u>

Baxter has cited no newly discovered material evidence, change in the law, or manifest error by the Court that justifies altering or amending the existing judgment. First, Baxter points to "newly discovered evidence"—the depositions of Cheadle and his predecessor police chief—that shows Baxter had a contractual right to his employment based on a policy manual. But that evidence goes to Baxter's property interest, which the Court already found he had stated in his Complaint. The new evidence does not matter to the Court's prior order, which already found in Baxter's favor on that point.

He also argues, for the first time, that Cheadle is not entitled to qualified immunity because he had no discretionary authority to terminate Baxter. He notes that qualified immunity is only available to public officials exercising discretionary authority, and Cheadle alone had no authority to fire Baxter. The inquiry is not as simple as Baxter makes it out; the question is not simply whether a defendant was authorized to take a certain action but whether that action, if done for a proper purpose, was within or reasonably related to the duties entrusted to the officer. *See Harbert Int'l v. James*, 157 F.3d 1271, 1282-83 (11th Cir. 1998); *see also Coleman v. Frantz*, 754 F.2d 719, 729 (7th Cir. 1985) ("as a general rule an official's violation of a clear statute or regulation does not deprive the official of qualified immunity from damages for

4

violation of other statutory or constitutional provisions"). In any case, though, Baxter could have and should have made this argument earlier when he responded to the motion to dismiss. He did not, and the Court declines to entertain it now.

Next, he suggests the Court erroneously considered qualified immunity at the pleading stage when the Seventh Circuit Court of Appeals prefers courts to decide the question at summary judgment. It is true that the pleading stage is not "always (if ever) the most suitable procedural setting to determine whether an official is qualifiedly immune, because immunity may depend on particular facts that a plaintiff need not plead to state a claim." *Hanson v. LeVan*, 967 F.3d 584, 589 (7th Cir. 2020) (citing *Alvarado v. Litscher*, 267 F.3d 648, 651-52 (7th Cir. 2001)). This general rule does not apply, however, where the plaintiff has stated a claim but fails to point to clearly established law showing a reasonable official in the defendant's position would have known he was behaving unconstitutionally. There is no genuine issue of material fact here; there is a legal failure by the plaintiff to point to clearly established law. This decision is appropriate on a Rule 12(b)(6) motion.

Baxter belatedly cites authority he claims clearly establishes the law from which a reasonable official in Cheadle's position would have known he was acting unconstitutionally. *See Gilbert v. Homar*, 520 U.S. 924, 929 (1997); *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985). Of course, he was not required to cite those cases (or others) in his Complaint, but he has not explained why he failed to do so in response to the motion to dismiss. Courts are not "in the business of formulating arguments for the parties." *United States v. McClellan*, 165 F.3d 535, 550 (7th Cir 1999). When a party fails to make an argument, he cannot rely on the Court to make it for him.

Baxter also points to evidence that Cheadle actually knew he was acting

5

unconstitutionally, but what Cheadle actually knew is not relevant to the legal question of whether the law was clearly established to a reasonable official—the legal question Baxter failed to answer.

The Court is aware that the result of this case may seem extreme to Baxter in light of his simple failure to cite examples of what is likely clearly established law.  But our judicial system is an adversarial one where courts do not jump in to help a party (especially one represented by counsel) when the party falters.  Judicial resources are scarce, and the Court will not—and should not—use them to remedy a party's error to the detriment of the opposing party.  Further, the Court is mindful that its judgment is not the end of Baxter's claims.  The Court dismissed his state law claims without prejudice, so he may pursue those claims in state court to attempt to remedy any wrong done to him.

### III.    Conclusion

Because Baxter has not cited any newly discovered material evidence, change in the law, or manifest error by the Court, the Court **DENIES** his motion for reconsideration (Doc. 38).  Further, because the deadline set for amending pleadings has passed and an amended complaint would not cure the shortcoming that caused the Court to dismiss the original complaint, the Court **DENIES** that motion as well (Doc. 39).  The Court will address the bill of costs (Doc. 40), to which objection has been made (Doc. 42), by separate order.

**IT IS SO ORDERED.**
**DATED:  January 26, 2026**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**